**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4987**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

DAVID RICKY GODWIN, SR.,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (CR-03-240-BO)

---

Submitted:  June 28, 2006              Decided:  July 13, 2006

---

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

John P. O'Hale, NARRON, O'HALE & WHITTINGTON, Smithfield, North Carolina; Joseph E. Zeszotarski, Jr., POYNER & SPRUILL, L.L.P., Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Defendant David Ricky Godwin appeals his sentence for one count of operating an illegal gambling business in violation of 18 U.S.C. § 1955 and one count of structuring financial transactions to avoid a reporting requirement in violation of 31 U.S.C. § 5324. On August 15, 2003, pursuant to a plea agreement with the United States, Godwin pleaded guilty to both counts in connection with illegal video poker activities.

Under the plea agreement, Godwin agreed to "disclose fully and truthfully in interviews with Government agents, . . . all conduct relevant to the Criminal Information and any other crimes of which [Godwin had] knowledge." Memorandum of Plea Agreement at 3. In return, the Government agreed to "make known to the Court at sentencing the full extent of [Godwin's] cooperation . . . ." Id. at 8. However, the Government did not promise "to move for a departure pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35." Id. Godwin also agreed to waive his right to appeal his sentence, except in limited circumstances not at issue in this appeal. Id. at 1-2.

Godwin cooperated with the Government for a two-year period after entering his guilty plea and before sentencing. The Presentence Investigation Report ("PSR") which was prepared for his sentencing calculated Godwin's advisory guideline range for both

3

counts as 70-87 months. J.A. 128-29. The statutory maximum term of imprisonment for Godwin's violation of 18 U.S.C. § 1955 was 60 months, so the advisory guideline range for that count was lowered to 60 months. Id.

At the sentencing hearing held on September 8, 2005, the district court first set out the guideline offense level and range of imprisonment from the PSR. The Government then presented the following information regarding Godwin's cooperation to the court:

(1) Godwin voluntarily paid $5,000,000 to cover the amount of forfeiture[*] because he recognized that the Government had a lien on nearly $10,000,000 worth of property, J.A. 88;

(2) Godwin surrendered over 300 video gambling machines to the Government that were illegal, outdated, environmentally hazardous and would cost the government a substantial amount of money to destroy, J.A. 89;

(3) The Government debriefed Godwin on his illegal activities up to eight times, J.A. 89;

(4) Godwin wore a surreptitious recording device and spoke to a number of individuals in an effort to obtain incriminating evidence, but made self-serving statements during these conversations that allowed the subject

---

[*]The Plea Agreement required Godwin to forfeit specified property and money. Memorandum of Plea Agreement at 4.

individuals to avoid making inculpatory statements, J.A. 89, 91-92;

(6) Evidence suggested that, prior to recording these conversations, Godwin warned the subject individuals that he was cooperating with the Government, J.A. 91-92; and

(5) Godwin told agents about taking money from a public official and delivering it to a possible political candidate, but changed his story numerous times and was caught in a number of documented lies, thereby undermining the value of his testimony, J.A. 90.

Based on the character and quality of Godwin's cooperation, the Government recommended that the district court sentence him within the guideline range. The district court sentenced Godwin to a 60-month term of imprisonment for violating 18 U.S.C. § 1955 and a concurrent 84-month term for violating 31 U.S.C. § 5324. The district court did not depart from the recommended guideline range.

Godwin then timely filed this appeal.

## II.

Godwin argues that the Government breached the plea agreement by failing to inform the district court of the "full extent" of his cooperation and denigrating part of his cooperation at sentencing. We review the Government's conduct under the plea agreement for plain error because Godwin raised this issue for the first time on

appeal.  United States v. Uzenski, 434 F.3d 690, 708 (4th Cir. 2006).  In order to establish plain error, Godwin must "show that (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights."  Id.  In addition, we will only note plain error if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  United States v. Olano, 507 U.S. 725, 732 (1993) (quoting United States v. Young, 470 U.S. 1, 15 (1985)) (alterations in original).

We need not progress past the first step of the plain error analysis because, after carefully reviewing the record, we find no error in the Government's conduct at sentencing.  The plea agreement required the Government to present the "full extent" of Godwin's cooperation to the district court.  Memorandum of Plea Agreement at 8.  At sentencing, the Government provided a detailed account of the nature, extent and character of Godwin's cooperation. J.A. 88-92.  Although this account was not exhaustive and included negative commentary regarding the quality of Godwin's cooperation, it included sufficient detail to satisfy the Government's obligations under the plea agreement.  Therefore, we find no merit to Godwin's argument that the Government breached the plea agreement.

III.

Godwin next argues that the district court erred at sentencing by failing to provide a statement of the reasons for its sentence pursuant to 18 U.S.C. § 3553(c). We do not reach the substance of this argument because Godwin waived his right to appeal his sentence. We enforce an appeal waiver where the defendant knowingly and intelligently agrees to waive his right to appeal. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). In the plea agreement at issue here, Godwin agreed to "waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed . . . ." Memorandum of Plea Agreement at 1-2. Godwin does not contend that he did not knowingly and intelligently agree to the appeal waiver. Rather, he contends that the appeal waiver is without force because the Government breached the plea agreement as alleged in section II supra. Godwin's argument is without merit because the Government did not breach the plea agreement. Godwin's appeal waiver is operative and bars him from appealing his sentence on the grounds raised herein.

IV.

Based on Godwin's valid appeal waiver, we dismiss the portion of Godwin's appeal asserting error in the district court's explanation of his sentence. In addition, we reject Godwin's argument that the Government violated the plea agreement at

sentencing and affirm his sentence on that ground. We dispose of oral argument because the facts and legal contentions are adequately presented in the record before this Court and oral argument would not aid the decisional process.

AFFIRMED IN PART
AND DISMISSED IN PART
