<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 15-4003**

───────────

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

DANIEL LUNA,

 Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. David A. Faber, Senior District Judge. (7:12-cr-00037-FA-5)

───────────

Submitted: November 17, 2015      Decided: December 17, 2015

───────────

Before GREGORY, WYNN, and THACKER, Circuit Judges.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Joseph L. Bell, Jr., BATTS, BATTS & BELL, LLP, Rocky Mount, North Carolina, for Appellant. Jennifer P. May-Parker, Phillip Anthony Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Daniel Luna pled guilty to: conspiracy to commit Hobbs Act robbery; using and carrying a firearm in furtherance of a crime of violence; conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine; and kidnapping. He received an aggregate sentence of 280 months. Luna appeals, contending that the sentence is substantively unreasonable.

The United States moves to dismiss the appeal based on a waiver-of-appellate-rights provision in Luna's plea agreement. Luna opposes the motion, claiming that the waiver is invalidated by the United States' alleged breach of the agreement. We grant the motion to dismiss the appeal.

I

Luna contends that the Government breached its promise in the plea agreement to inform the court at sentencing of the "full extent" of his cooperation with authorities. Because Luna did not raise this claim before the district court, our review is for plain error. See Puckett v. United States, 556 U.S. 129, 133-34 (2009). To prevail under this standard, Luna must demonstrate "that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007).

2

We conclude that there was no error in the Government's conduct. At sentencing, the Government described Luna's cooperation to the court. After Luna's attorney objected that the Government had not described the full value of Luna's cooperation, there was extensive discussion about the nature and effect of his cooperation. Under these circumstances, we find that the Government fulfilled its obligation under the plea agreement and that there was no breach. See United States v. Godwin, 189 F. App'x 277, 279 (4th Cir. 2006) (No. 05-4987).

II

Given the lack of a breach by the Government, we next consider whether Luna knowingly and intelligently waived his right to appeal and whether the issue raised on appeal falls within the scope of the waiver. See United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). To decide whether the waiver was knowing and intelligent, we consider "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Other factors we consider are whether the waiver language in the plea agreement was "unambiguous" and "plainly embodied," and whether the district court fully

3

questioned the defendant during the Fed. R. Crim. P. 11 colloquy regarding the waiver. Id. at 400-401. Generally, if the district court specifically asked the defendant about the waiver or the record otherwise indicates that the defendant understood the full significance of the waiver, the waiver is valid. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right to appeal "is a matter of law that we review de novo." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010).

Luna was twenty years old when he entered his plea. He had an eleventh-grade education, had not been treated for mental illness or addiction within the prior two years and was not presently under the influence of alcohol or drugs. The waiver provision was set forth clearly in a separate paragraph of the plea agreement, which Luna signed. Further, the Government summarized the plea agreement — including the waiver provision — at the Fed. R. Civ. P. 11 proceeding. Luna assured the court that the summary was accurate, he had carefully read the agreement and discussed it with his attorney, and he understood everything in the agreement. Finally, the district court inquired during the plea colloquy whether Luna understood that the plea agreement limited his appellate rights, and Luna replied that he did. We conclude that the waiver is valid and enforceable. Further, the issue Luna raises on appeal — whether

4

his sentence is substantively unreasonable — falls squarely within the scope of the appellate waiver.

## III

Accordingly, we grant the motion to dismiss the appeal. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

5