**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4076**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ARTHUR PAUL MARRONE, III,

    Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  David A. Faber, Chief District Judge.  (5:04-cr-00228)

Submitted:  July 31, 2008   Decided:  September 10, 2008

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Monica L. Dillon, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur Paul Marrone, III, was convicted by a jury of assaulting a correctional officer while he was confined at the Federal Correctional Institution at Beckley, West Virginia, in violation of 18 U.S.C.A. § 111(a)(1),(b) (West Supp. 2008). Although the advisory guideline range for Marrone's offense was 18-24 months, the district court imposed a sentence of sixty months imprisonment. Marrone appeals his sentence, arguing that the court's failure to provide notice before imposing a sentence above the advisory guideline range was error under Fed. R. Crim. P. 32(h) and Burns v. United States, 501 U.S. 129 (1991). He also contends that the sentence was unreasonable. We affirm.

At his sentencing hearing in December 2005, Marrone did not contest the calculation of the guideline range. However, he objected to the inclusion in the report, as fact, of the correctional officer's testimony that he believed Marrone had tried to push him over the second tier railing during their struggle. He also objected to information about his involvement in an inmate protest that occurred after his conviction while he was confined at the Carter County Correctional Center, in Kentucky. The latter purportedly involved a malfunctioning television set. The inmates put food on the floor at the entrance to their pod and activated an alarm which brought correctional officers to the area. Acting as the inmate spokesman, Marrone tried without success to persuade an

- 2 -

officer to enter the pod.  The next day, two confidential sources told prison officials that Marrone had instigated a scheme to manufacture weapons, lure a correctional officer into the pod and take him hostage, and thereby possibly effect an escape from the prison.

After overruling Marrone's objections to the presentence report, the district court indicated that it was inclined to impose a sentence above the guideline range based on the aggravated nature of the instant offense and Marrone's involvement in the incident at the Carter County Correctional Center.  The court heard testimony about the Carter County incident and Marrone's attorney cross-examined the witness thoroughly, having made his own investigation into the incident.  The court concluded that it could disregard information from the inmates who remained unidentified confidential sources and still find that Marrone was "deeply involved" in the incident.  The court then imposed a sentence of sixty months imprisonment pursuant to 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008).  As justification, the court cited (1) the seriousness of the offense, see § 3553(a)(2)(A), especially Marrone's attempt to push the correctional officer over a second story railing, which would have resulted in serious bodily injury to the officer; (2) its duty to deter others tempted to attack correctional officers as Marrone did, see § 3553(a)(2)(B); and (3) the need to protect the

public from further crimes by Marrone, <u>see</u> § 3553(a)(2)(C), given that his record indicated little chance of rehabilitation.

## I. Notice

Because Marrone did not object to the lack of notice in the district court, review of this issue is for plain error. <u>United States v. Muhammad</u>, 478 F.3d 247, 249 (4th Cir. 2007). Rule 32(h) of the Federal Rules of Criminal Procedure requires the sentencing court to give the parties reasonable notice when it is considering a departure on a ground not identified as a possible basis for departure either in the presentence report or in a party's prehearing submission. In this case, although the district court described the above-guidelines sentence as a departure, the court looked only to the factors set out in § 3553(a). The sentence was thus a variance, rather than a departure. <u>See Irizarry v. United States</u>, 128 S. Ct. 2198, 2202 (2008) ("'Departure' is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines."). The Supreme Court held in <u>Irizarry</u> that upward variances do not require notice under either Rule 32(h) or <u>Burns</u>. <u>Id.</u> at 2203. Therefore, no error occurred.

II.  Reasonableness

Marrone contends that his sentence was unreasonable because it was greater than necessary to comply with the sentencing purposes in § 3553(a)(2).  In Gall v. United States, 128 S. Ct. 586 (2007), the Supreme Court set out the standards for appellate review of sentences as follows:

> Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard.  It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.

Id. at 597.

First, we discern no procedural defect in the sentence. Next, as explained in Gall, when reviewing a sentence outside the guideline range for substantive reasonableness, the appellate court should "take into account the totality of the circumstances . . . ."  Gall, 128 S. Ct. at 597.  The court –

> may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.  The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.

- 5 -

Id.

Marrone relies on <u>United States v. Eura</u>, 440 F.3d 625, 633 (4th Cir. 2006) (holding that sentencing court may not vary from guideline range based on guideline sentencing ratio for crack/cocaine powder), <u>vacated</u>, 128 S. Ct. 853 (2008). His reliance is misplaced because, assuming it might previously have been applicable, <u>Eura</u> has been abrogated by <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007). In light of <u>Gall</u>'s conclusion that the sentencing court "is in a superior position to find facts and judge their import under § 3553(a) in the individual case," <u>id.</u>, and that its sentencing decision should be accorded great deference, we conclude that the sentence is not substantively unreasonable.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
