**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4921**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

ANTONIO AUGUSTINE-NERI,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.    Robert E. Payne, Senior District Judge.    (3:07-cr-00463-REP-1)

Submitted:  August 4, 2009          Decided:  August 17, 2009

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert L. Flax, Richmond, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Richard D. Cooke, S. David Schiller, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Augustine-Neri was convicted after a bench trial of illegally reentering the United States after having previously been deported following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court sentenced Augustine-Neri to 125 months of imprisonment and Augustine-Neri now appeals. Finding no error, we affirm.

Augustine-Neri first challenges the district court's application of a sixteen-level upward adjustment in calculating the advisory guidelines range. See U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A) (2007). Augustine-Neri argues that since prior convictions for which a defendant completed his term of imprisonment more than fifteen years prior to the date of the offense of conviction are not considered in calculating criminal history under the guidelines, such convictions should likewise not be considered in determining the applicable offense level under the guidelines. See USSG § 4A1.2. Therefore, Augustine-Neri argues, since he completed his sentences for his prior convictions for crimes of violence more than fifteen years prior to the date of his arrest for the instant offense, these prior convictions should not be considered in determining the applicable offense level.

Because Augustine-Neri failed to challenge the guidelines calculation in the district court, we review this claim for plain error. See United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). "To establish plain error, [Augustine-Neri] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." Id. Even if Augustine-Neri satisfies these requirements, "correction of the error remains within [the Court's] discretion, which [the Court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted). We have thoroughly reviewed the record and conclude that Augustine-Neri has failed to demonstrate that the district court erred in calculating the advisory guidelines range by including the challenged offenses under USSG § 2L1.2(b)(1)(A)(ii).

Augustine-Neri next challenges the indictment and sentence, arguing that the district court violated his right under the Sixth Amendment to a jury trial because prior convictions were relied upon to prove the existence of a prior aggravated felony in the indictment and to increase the offense level. Augustine-Neri did not object to the indictment or sentence on the grounds that they violated Apprendi v. New Jersey, 530 U.S. 466 (2000) in the district court and,

3

therefore, this issue is reviewed for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). However, as Augustine-Neri waived his right to a jury trial, the claim as to the indictment is without merit. Further, he admitted the prior convictions.

In addition, the mere fact that the increased guidelines range is based on the fact of a prior conviction forecloses Augustine-Neri's argument. As this court has repeatedly recognized, "the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt." United States v. Cheek, 415 F.3d 349, 352 (4th Cir. 2005). Therefore, the Government did not have to include the fact of Augustine-Neri's prior convictions in the indictment and was not required to prove the prior convictions beyond a reasonable doubt. Moreover, Augustine-Neri was not exposed to a sentence beyond the prescribed statutory maximum. See Apprendi, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). We therefore find no plain error.

Finally, Augustine-Neri argues that the district court erred in not granting a downward departure or varying from the advisory guidelines range based on Augustine-Neri's family obligations, age, and the relative age of his prior convictions for violent felonies.  Because Augustine-Neri did not object to the guidelines calculation and did not move for a variance or downward departure from the guidelines range in the district court, we review this issue for plain error.  See Muhammad, 478 F.3d at 249.  We have thoroughly reviewed the record and conclude that Augustine-Neri has failed to demonstrate that the district court erred in sentencing him within the advisory guidelines range.  To the extent he attempts to argue that his sentence was unreasonable, we conclude that the district court's sentence was reasonable.  See Rita v. United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence); Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007) (we review first for procedural error and then consider substantive reasonableness of sentence imposed).

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid in the decisional process.

AFFIRMED