**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4757**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ABDUL HAFEEZ MUHAMMAD,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (CR-96-99)

———————

Submitted: February 9, 2006          Decided: March 7, 2006

———————

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Walter H. Paramore, III, Jacksonville, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Abdul Hafeez Muhammad appeals his convictions and 121-month sentence for one count of money laundering under 18 U.S.C. § 1956 and multiple counts of wire fraud under 18 U.S.C. § 1343. Muhammad's attorney initially filed a brief in accordance with Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493 (1967), raising various issues, but stating that he found no meritorious grounds for appeal. Muhammad filed a pro se supplemental brief raising these and other issues. On May 4, 2005, the court allowed the parties to file supplemental briefs addressing the impact upon the appeal, if any, of United States v. Booker, 543 U.S. 220, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005). Muhammad and his attorney each filed supplemental briefs. The government filed a responsive brief, conceding that Muhammad's sentence should be vacated under Booker.

We agree that Muhammad's sentence should be vacated. Because this issue was not raised below, we review for plain error. See United States v. Hughes, 401 F.3d 540, 546-60 (4th Cir. 2005). Muhammad's base offense level was increased from 23 to 29 based on facts that the government did not charge in the indictment, that Muhammad did not admit, and that the jury did not find. Ignoring

these enhancements yields a sentencing range of 51 to 63 months, well below the 121 months he received.[*]

In accordance with <u>Anders</u>, we have reviewed the entire record in this case for any other meritorious issue and have found none. Accordingly, although we affirm Muhammad's convictions, we vacate his sentence and remand for proceedings consistent with <u>Hughes</u>, 401 F.3d at 546 (citing <u>Booker</u>, 125 S. Ct. at 764-65, 767). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

---

[*]As we noted in <u>Hughes</u>, 401 F.3d at 545 n.4, "we of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of sentencing.