**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 06-4516

ABDUL HAFEEZ MUHAMMAD,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(5:96-cr-00099-BR)

Argued: February 1, 2007

Decided: March 6, 2007

Before WILKINS, Chief Judge, and NIEMEYER and
KING, Circuit Judges.

---

Vacated and remanded by published opinion. Chief Judge Wilkins
wrote the opinion, in which Judge Niemeyer and Judge King joined.

---

**COUNSEL**

**ARGUED:** Debra Carroll Graves, OFFICE OF THE FEDERAL
PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Anne
Margaret Hayes, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appel-
lee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender,
Devon L. Donahue, Assistant Federal Public Defender, OFFICE OF

THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Christine Witcover Dean, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

## OPINION

WILKINS, Chief Judge:

Abdul Hafeez Muhammad, convicted of wire fraud and money laundering offenses, appeals a 121-month prison sentence imposed by the district court following an earlier remand for resentencing. We conclude that the district court plainly erred by denying Muhammad the opportunity to allocute at his resentencing hearing, and we exercise our discretion to notice this error. We therefore vacate Muhammad's sentence and remand for resentencing.

I.

Muhammad was indicted on seven counts of wire fraud and one count of money laundering in connection with an alleged fraudulent investment scheme. After a trial, a jury convicted him on all counts.

At the original sentencing hearing, the district court determined that Muhammad's guideline range for the money laundering count was 97 to 121 months imprisonment. (Muhammad's guideline range for the wire fraud counts was 60 months, the former statutory maximum.) Muhammad moved for a downward departure on the basis of diminished capacity, but the district court denied that motion. Defense counsel then requested a sentence at the bottom of the guideline range on the grounds that Muhammad was 57 years old and would be deported after serving his sentence. Further, Muhammad personally addressed the court, denying any intent to defraud his victims and noting that he would be deported after 30 years of marriage. The Government, by contrast, described Muhammad as a "financial predator," J.A. 66, and sought a sentence at the top of the guideline range. On the money laundering count, the district court sentenced Muhammad

to 121 months, the top of the guideline range. The court found that a sentence at the top of the range was appropriate "because of the substantial nature of the fraud, [and] the defendant's prior record of similar misconduct." *Id.* at 69; *see id.* at 80. The court also sentenced Muhammad to concurrent terms of 60 months on each of the wire fraud counts.

Muhammad appealed his conviction and sentence. While his appeal was pending, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). We affirmed Muhammad's convictions but vacated his sentence on *Booker* grounds and remanded for resentencing consistent with *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). *See United States v. Muhammad*, 170 Fed. Appx. 285 (4th Cir. 2006).

On remand, the district court again calculated a guideline range for the money laundering count of 97 to 121 months and denied Muhammad's renewed motion for a downward departure. Defense counsel argued that various factors relating to 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006)—including Muhammad's age, his continuing but improving mental condition, his strong support from family members and responsibilities to them, and his likely deportation—warranted a downward variance from the guideline range. Nevertheless, the district court again imposed a 121-month sentence[1] (and concurrent 60-month terms), citing "the intensive nature of the fraud and the prior record of similar misconduct." J.A. 111. At no time during the resentencing hearing, however, did the district court give Muhammad an opportunity to allocute.

## II.

Muhammad argues that his sentence should be vacated because the district court did not permit him to allocute before he was resentenced. Muhammad concedes that he did not object to the denial of

---

[1]Although the sentencing transcript indicates that the district judge orally imposed a sentence of 182 months, this was apparently a mistake, either in pronouncement or transcription. *See* J.A. 111 (referring to the sentence being imposed "at the top of the [guideline] range"). The written judgment correctly reflects a sentence of 121 months.

allocution in the district court. We therefore review his claim for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993); *United States v. Cole*, 27 F.3d 996, 998 (4th Cir. 1994). To establish plain error, Muhammad must show that an error occurred, that the error was plain, and that the error affected his substantial rights. *See Olano*, 507 U.S. at 732. Even if Muhammad makes this three-part showing, correction of the error remains within our discretion, which we "should not exercise . . . unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)) (second alteration in original).

"Before imposing sentence, the [district] court must . . . address the defendant personally in order to permit [him] to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). This rule "is not satisfied by merely affording the Defendant's counsel the opportunity to speak." *Cole*, 27 F.3d at 998 (internal quotation marks & alteration omitted). As the Supreme Court has noted, "[t]he most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." *Green v. United States*, 365 U.S. 301, 304 (1961) (plurality opinion).

In *Cole*, we addressed a denial of allocution claim similar to Muhammad's. Cole was convicted of a drug offense and was sentenced at the bottom of the guideline range as determined by the district court. *See Cole*, 27 F.3d at 997-98. The district court did not, however, allow Cole to allocute before sentencing, and it rejected Cole's attempt to address the court after his sentence was imposed. *See id.* at 998. On plain error review, we did "not hesitate in ruling that this right [of allocution] was not adequately afforded to Cole and that the district court committed error that is plain." *Id.*

We then addressed the substantial rights element of plain error review. We noted that our decision in *United States v. Lewis*, 10 F.3d 1086, 1092 (4th Cir. 1993), in which we held that a defendant was not prejudiced by the denial of allocution when there was no possibility that he could have received a shorter sentence, "foreclosed any argument that a denial of allocution *per se* affects 'substantial rights.'" *Cole*, 27 F.3d at 999. Rather, we explained that "we should examine each case to determine whether the error was prejudicial." *Id.* We

found that Cole had shown prejudice because we could "identify at least two grounds upon which the court might have imposed a reduced sentence." *Id.* In particular, had Cole been permitted to address the court, he "may have been able to persuade the court" to reduce his offense level by showing either that a lower drug quantity should be attributed to him or that he had accepted responsibility for his offense. *Id.* We concluded that "[a]s long as this possibility remained, we are unable to say that Cole was not prejudiced by the denial of his right to allocute prior to the imposition of sentence." *Id.*

Further, we exercised our discretion to notice the allocution error raised by Cole:

> When a defendant was unable to address the court before being sentenced and the possibility remains that an exercise of the right of allocution could have led to a sentence less than that received, we are of the firm opinion that fairness and integrity of the court proceedings would be brought into serious disrepute were we to allow the sentence to stand.

*Id.* We therefore vacated Cole's sentence and remanded for resentencing. *See id.*

Here, Muhammad contends that *Cole* entitles him to resentencing because he was denied the chance to allocute on remand and might have received a lesser sentence had he been allowed to do so. Muhammad notes that although he was permitted to allocute at his original sentencing hearing, the district court had more discretion in its sentencing decision on remand because it was operating under the new advisory guidelines regime set forth in *Booker*. The Government concedes that the denial of allocution was a plain and prejudicial error, but argues that we should not notice the error because there is no possibility that Muhammad would have received a lesser sentence had he been permitted to allocute. The Government notes that in imposing the original sentence—after Muhammad addressed the district court—the court sentenced Muhammad at the top of the guideline range, thus declining to exercise in his favor the limited discretion it had within that range. We conclude that Muhammad has met the requirements of plain error review and that, despite the Gov-

ernment's arguments to the contrary, we should exercise our discretion to notice the error.

In Muhammad's prior appeal, we vacated his original sentence and remanded for resentencing under the procedure outlined in *Hughes*. *See Muhammad*, 170 Fed. Appx. at 285; *Hughes*, 401 F.3d at 546. As a result, the prior sentencing proceedings were nullified, and the district court was to conduct a new sentencing determination on remand. *See United States v. Barnes*, 948 F.2d 325, 330 (7th Cir. 1991) (explaining that prior appellate order vacating defendant's sentence nullified that sentence, and therefore "when [the defendant] appeared before the trial judge on remand, he did so with a clean slate as far as sentencing was concerned; his previous sentence was not to be rubber stamped, but instead a new sentencing determination was to be made"); *United States v. Moree*, 928 F.2d 654, 656 (5th Cir. 1991) (holding that earlier mandate vacating defendant's sentence and remanding for further proceedings "rendered [the] previous sentence null and void"). Thus, even though Muhammad had addressed the court at the original sentencing hearing, he had a renewed right to allocute at resentencing. *See Barnes*, 948 F.2d at 330 ("Along with a new sentencing determination came the right to address the court. . . . [This right] was resuscitated at the final hearing regardless of whether [the defendant] had previously exercised it."); *Moree*, 928 F.2d at 656 (vacating sentence imposed on remand because the defendant was denied the right "to allocute at his resentencing").[2] As the Government concedes, the district court plainly erred by not affording this right to Muhammad. *See Cole*, 27 F.3d at 998.

Moreover, as a result of this error, Muhammad was denied the opportunity to attempt to personally persuade the district court that he should receive a lower sentence under the new advisory guidelines regime. It is true, as the Government points out, that the prior decision

---

[2]We recently held that a district court was not required to conduct a resentencing hearing when it merely "correct[ed]" a defendant's sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). *See United States v. Hadden*, No. 03-7508, 2007 WL 403895, at *11-*13 (4th Cir. Feb. 7, 2007). We noted, however, that had the district court proceeding been considered a "resentenc[ing]," 28 U.S.C.A. § 2255, the defendant would have had the right "to allocute." *Hadden*, 2007 WL 403895, at *11.

by the district court to impose a sentence at the top of the guideline range—despite its discretion to impose a lower sentence within that range—casts some doubt on whether Muhammad could have persuaded the district court to impose a lesser sentence on remand. Nonetheless, it is possible that he could have done so. For example, in contrast to his original allocution nearly three years earlier—in which he denied any intent to defraud his victims—Muhammad could have acknowledged his wrongdoing and expressed deep regret for it. He might also have emphasized the changes in his personal circumstances since his original sentencing. And, the district court may have given such arguments more weight under the post-*Booker* advisory regime, which allows greater consideration of a defendant's individual circumstances.

Because the "possibility remain[s]" that Muhammad could have received a lesser sentence had he been permitted to allocute at resentencing, he has sufficiently shown that he was prejudiced by the denial of allocution. *Cole*, 27 F.3d at 999. For the same reason, we exercise our discretion to notice the error. *See id.* We therefore vacate Muhammad's sentence and remand for resentencing. At the resentencing hearing, the district court must permit Muhammad to allocute before imposing sentence.

## III.

For the reasons stated above, we vacate Muhammad's sentence and remand for a resentencing at which Muhammad is allowed to allocute.

*VACATED AND REMANDED*