**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5130**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

RANDY J. LINNIMAN,

    Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (7:07-cr-00037-D-1)

Submitted:  February 19, 2009   Decided:  March 19, 2009

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Walter H. Paramore, III, WALTER H. PARAMORE, III, P.C., Jacksonville, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, David A. Bragdon, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy J. Linniman appeals his conviction and 168-month departure sentence after pleading guilty pursuant to a plea agreement to unlawful transfer of a firearm, in violation of 26 U.S.C. §§ 5812, 5861, 5871 (2006), and unlawful possession of firearms with altered serial numbers, in violation of 18 U.S.C. §§ 922(k), 924 (2006). Linniman asserts that the district court erred when it imposed a departure sentence: (i) without first affording him adequate notice that it planned to depart upward; (ii) that was too extensive for the crimes to which he pled guilty; and (iii) without sufficient analysis to support the departure sentence. Finding no error, we affirm.

Because Linniman did not object to the lack of Fed. R. Crim. P. 32(h) notice in the district court, this court reviews this issue for plain error. United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Rule 32(h) requires the sentencing court to give the parties reasonable notice when it is considering a departure on a ground not identified as a possible basis for departure either in the presentence report or in a party's prehearing submission. Fed. R. Crim. P. 32(h). Because the district court imposed a departure sentence based on the same grounds identified by the Government in its upward departure motion, the district court was not required to provide Rule 32 notice.

2

Although Linniman does not dispute the legal or factual correctness of the district court's findings at sentencing and does not claim that the district court was unjustified in departing under the relevant Guidelines provisions, Linniman does assert that his sentence is "close to the maximum" and that the district court did not provide "a rigorous analysis" before imposing the sentence.[*] We conclude that the district court provided ample analysis of the reasons it believed Linniman's departure sentence was warranted, not only during Linniman's sentencing hearing, but also in a detailed sentencing memorandum. Given the significant risk associated with the particular conduct for which Linniman was convicted, the district court's meaningful articulation of its consideration of the 18 U.S.C. § 3553(a) (2006) factors, and its careful consideration of reasons warranting a departure from the Guidelines range, we also find that the extent of Linniman's departure sentence was reasonable. See United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007).

---

[*] Although Linniman also asserts that the district court erred by relying on conduct of which he was acquitted in a state court jury trial, this argument is meritless. See United States v. Watts, 519 U.S. 148, 155-56 (1997) (holding that sentencing courts may take acquitted conduct into account when determining the appropriate sentence because a lower standard of proof applies at the sentencing stage).

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED