**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4052**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MICHAEL JOSEPH DAVIS, a/k/a Mike Dee,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., Senior District Judge. (1:07-cr-00205-NCT-1)

Submitted: September 18, 2009        Decided: October 8, 2009

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Joseph Davis appeals his conviction by a jury of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). On appeal, Davis challenges the district court's admission of the terminology he used in prior drug transactions with a confidential informant and of a police officer's testimony regarding the description of Davis' vehicles and the conversation the officer overheard between Davis and the informant. Davis also contends that the district court erred by instructing the jury on aiding and abetting and by failing to grant a mistrial based upon alleged juror misconduct. Finding no reversible error, we affirm.

Davis asserts that the district court erred by admitting under Fed. R. Evid. 404(b) the confidential informant's testimony regarding the terms "work" and "O and a half." Rule 404(b) prohibits the admission of evidence of "other crimes" solely to prove a defendant's bad character, but "[s]uch evidence . . . may 'be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" United States v. Basham, 561 F.3d 302, 326 (4th Cir. 2009) (quoting Fed. R. Evid. 404(b)). For such evidence to be admissible under Rule 404(b), it "must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable."

2

Id. In addition, the evidence must be more probative than prejudicial. Id. (citing Fed. R. Evid. 403). "Limiting jury instructions explaining the purpose for admitting prior bad acts evidence and advance notice of the intent to introduce such evidence provide additional protection to defendants." United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). With these standards in mind, we have carefully reviewed the trial transcript and conclude that the district court did not abuse its discretion in admitting evidence under Rule 404(b). See Basham, 561 F.3d at 325 (stating standard of review).

Next, Davis contends that the district court erred in admitting a police officer's testimony that the informant had described vehicles Davis had driven in the past because the testimony was hearsay. Davis asserts that this testimony bolstered the informant's testimony that the informant and Davis had been involved in prior drug transactions. Davis also challenges the court's admission of the officer's testimony that the officer overheard Davis telling the informant on the telephone that he (Davis) was picking up the drugs in another town before meeting the informant because there was no evidence that the officer could identify Davis' voice on the telephone.

Because Davis did not object at trial to the admission of the officer's testimony, our review is for plain error. United States v. Perkins, 470 F.3d 150, 155 (4th Cir. 2006).

3

"To establish plain error, [Davis] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Davis satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted). Our review of the trial transcript leads us to conclude that the district court did not err--plainly or otherwise--in admitting the officer's testimony.

Davis also asserts that the district court erred in giving the jury a supplemental instruction on aiding and abetting because the Government did not advance that theory at trial. "[T]he necessity, extent and character of any supplemental instructions to the jury are matters within the sound discretion of the district court." United States v. Horton, 921 F.2d 540, 546 (4th Cir. 1990). We review the decision to give an instruction and the instruction itself for abuse of discretion. United States v. Foster, 507 F.3d 233, 244 (4th Cir. 2007), cert. denied, 128 S. Ct. 1690 (2008). If the district court gives a supplemental instruction, "the district court's duty is simply to respond to the jury's apparent source of confusion fairly and accurately without creating prejudice."

4

Id. (internal quotation marks and citation omitted).  In light of the defense theory at trial, we find no abuse of discretion in the district court's decision to give the jury a supplemental instruction on aiding and abetting.

Finally, Davis asserts that the district court plainly erred by failing to declare a mistrial after learning of possible juror misconduct.  As the Government correctly points out, however, Davis knowingly waived the right to challenge on appeal the alleged misconduct after a thorough colloquy with the district court.  United States v. Olano, 507 U.S. 725, 733 (1993); United States v. David, 83 F.3d 638, 641 n.5 (4th Cir. 1996).

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED