**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5162**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENDRICK OMAR HAMMOND,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:06-cr-00451-RJC-1)

Submitted: November 18, 2009      Decided: November 25, 2009

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Denzil H. Forrester, Charlotte, North Carolina, for Appellant. Edward R. Ryan, Acting United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kendrick Omar Hammond appeals his conviction that resulted from his guilty plea to one count of possession with intent to distribute more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). Hammond entered a conditional guilty plea and reserved his right to appeal the district court's denial of his motion to suppress evidence. We affirm.

We review the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. Id. This court grants great deference to factual findings based on credibility decisions. See United States v. Moses, 540 F.3d 263, 268-69 (4th Cir. 2008).

Observation of any traffic violation, no matter how minor, gives an officer probable cause to stop the driver. United States v. Hassan El, 5 F.3d 726, 730 (4th Cir. 1993). A stop for a traffic violation "does not become unreasonable merely because the officer has intuitive suspicions that the occupants of the car are engaged in some sort of criminal activity." Id. A routine and lawful traffic stop permits an

2

officer to detain the motorist to request a driver's license and vehicle registration, to run a computer check, and to issue a citation. United States v. Branch, 537 F.3d 328, 335 (4th Cir. 2008).

Hammond argues that the stop of his vehicle was illegal because the officers did not have reasonable suspicion or probable cause that he was violating any law. Our review of the record leads us to conclude, however, that the district court correctly resolved the conflicting testimony and denied the suppression motion.

Hammond next argues that the district court abused its discretion in failing to view the video from the dashboard video recorder in the patrol car. Hammond did not request that the district court view the video prior to ruling on the motion to suppress, or object to the court's failure to view the video. We therefore review this claim for plain error. "To establish plain error, [Hammond] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Hammond satisfies these requirements, "correction of the error remains within [the court's] discretion, which [the court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation

3

marks and citation omitted). Our review leads us to conclude that, even assuming that the district court erred in not examining the video, such error did not affect Hammond's substantial rights, as there is nothing on the video that calls into question the legitimacy of the stop of Hammond's vehicle.

Finally, Hammond argues that the Government raised the issue of race and asserts that racial profiling motivated the officers to stop his vehicle. He does not provide any specific facts or citations to the suppression hearing transcript to support this assertion, and did not specifically assert this argument in the district court. This court has recognized that, although an officer's "motive[] for stopping an automobile that was violating traffic laws is irrelevant to the legitimacy of the stop under a Fourth Amendment analysis, . . . racially motivated law enforcement can violate the equal protection component of the Fifth Amendment's Due Process Clause." <u>United States v. Bullock</u>, 94 F.3d 896, 899 (4th Cir. 1996) (citation omitted). In order to establish that he is the victim of racially motivated law enforcement, "[t]he claimant must demonstrate that the [enforcement policy] had a discriminatory effect and that it was motivated by a discriminatory purpose. . . . To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted." <u>United States v.</u>

4

<u>Armstrong</u>, 517 U.S. 456, 465 (1996) (internal citation omitted). The record contains no evidence that would satisfy either prong of the equal protection test.    This argument is therefore without merit.

Accordingly, we affirm Hammond's conviction.    We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5