**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4719**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

       v.

HAROLD ANTHONY TROUT,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry F. Floyd, District Judge. (6:08-cr-01055-HFF-1)

———————

Submitted:  February 18, 2010      Decided:  March 12, 2010

———————

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Falkner Wilkes, Greenville, South Carolina, for Appellant. W. Walter Wilkins, United States Attorney, Dean A. Eichelberger, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold Anthony Trout appeals his convictions under the Computer Fraud and Abuse Act, 18 U.S.C.A. § 1030 (West 2000 & Supp. 2009), and the Electronic Communications Privacy Act, 18 U.S.C.A. § 2511 (West 2000 & Supp. 2009). The conduct underpinning the indictment occurred while Trout was a county councilman and involved his access to and use of information covertly obtained from the computer of the county administrator, Joseph Kernell, as a consequence of Trout's use of a "spyware" software program. On appeal, Trout argues that the district court improperly allowed the Government to present testimony regarding prior bad acts, because the evidence was not relevant and only served to prejudice the jury.

This court typically reviews evidentiary rulings for abuse of discretion. United States v. Perkins, 470 F.3d 150, 155 (4th Cir. 2006). However, as Trout did not object to the evidence in the district court, we review the admission of evidence for plain error. United States v. Olano, 507 U.S. 725, 731 (1993). To show plain error, the appellant must demonstrate "that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007).

Although not admissible to prove the defendant's character, evidence of other wrongs may be admitted to prove

2

"motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Acts "intrinsic to" the crime are not subject to Rule 404's restrictions. United States v. Siegel, 536 F.3d 306, 316 (4th Cir. 2008). "Evidence of uncharged conduct is not 'other crimes' evidence subject to Rule 404 if the uncharged conduct 'arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial.'" Id. (quoting United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994)) (alteration in original). In other words, the Government may "provide context relevant to the criminal charges." United States v. Cooper, 482 F.3d 658, 663 (4th Cir. 2007). Having carefully reviewed the record, we hold that the evidence pertaining to Trout's history with the other council members, Kernell, and other county staff is intertwined with and provided context to Trout's conduct underlying the charges.

Further, even considering the admissibility of the evidence of Trout's pattern of conduct on the county council pursuant to the terms of Rule 404(b), the district court did not plainly err. Rule 404(b) is an inclusionary rule, allowing evidence of other crimes or acts to be admitted, except evidence that tends to prove only criminal disposition. See United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997). For such

3

evidence to be admissible, it must be "(1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable." United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). Additionally, the probative value of the evidence must not be substantially outweighed by its prejudicial effect. Id. (citing Fed. R. Evid. 403). After reviewing the record and the parties' arguments, we hold that the evidence Trout challenges was not barred by Rule 404(b).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4