**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4493**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ANTWAIN WATKINS,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:08-cr-00487-HEH-1)

Submitted:  April 13, 2010          Decided:  April 22, 2010

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Robert J. Wagner, Assistant Federal Public Defenders, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antwain Watkins appeals his conviction by a jury of distribution of five or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). On appeal, Watkins argues that the district court erred in failing to instruct the jury on the lesser included offense of distribution of less than five grams of crack cocaine, and that the court should have ensured that the verdict form allowed the jury the option of finding him guilty of the lesser offense. We affirm.

We review the district court's decision to give a jury instruction and to use a special verdict form for abuse of discretion. United States v. Passaro, 577 F.3d 207, 221 (4th Cir. 2009); United States v. Udeozor, 515 F.3d 260, 271 (4th Cir. 2008). In this case, however, because Watkins did not request a lesser included offense instruction or request a special verdict form, we review for plain error. United States v. Olano, 507 U.S. 725, 732-35 (1993). "To establish plain error, [Watkins] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Watkins satisfies these requirements, "correction of the error remains within [the court's] discretion, which [the court] should not exercise . . . unless

2

the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

"[I]t is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." Keeble v. United States, 412 U.S. 205, 208 (1973). To justify a lesser included offense instruction, "the proof on the element that differentiates the two offenses must be sufficiently in dispute to allow a jury consistently to find the defendant innocent of the greater and guilty of the lesser offense." United States v. Baker, 985 F.2d 1248, 1259 (4th Cir. 1993). To be sufficiently in dispute, the testimony on the distinguishing element must be sharply conflicting, or the conclusion as to the lesser offense must be fairly inferable from the evidence presented. Id. Our review of the record leads us to conclude that the district court did not err in failing to sua sponte instruct the jury on the lesser included offense of distribution of less than five grams of crack cocaine, or in failing to include that option on the verdict form.

Accordingly, we affirm Watkins' conviction. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED