**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 09-4339**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

RODNEY EARL CANNADY, a/k/a Camp Earl,

                Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:08-cr-00258-D-1)

---

Submitted:  June 3, 2010          Decided:  June 23, 2010

---

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Ronald Cohen, Wilmington, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Cannady pled guilty to one count of possession with intent to distribute 50 grams of cocaine base (crack) and a quantity of oxycodone, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court imposed a sentence of 384 months in prison, and Cannady timely appealed. We affirm.

On appeal, Cannady argues that his guilty plea should be vacated because parts of his Fed. R. Civ. P. 11 colloquy were conducted jointly with several other defendants. Because Cannady did not seek to withdraw his plea or object to the proceeding, this claim is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2005). To succeed on this claim, Cannady must demonstrate: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993); United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Cannady's claim is contradicted by the record. The district court conducted a thorough Rule 11 colloquy that ensured that Cannady's plea was knowing and voluntary.

Cannady also argues that his sentence was excessive. This court reviews a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id.

2

After determining whether the district court properly calculated the defendant's advisory guidelines range, this court must consider whether the district court considered the factors set out in 18 U.S.C. § 3553(a), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id.

Here the district court imposed a sentence that was within the properly calculated advisory guidelines range of 360 months to life, and the record reveals that the court considered the required statutory factors. We conclude the district court imposed a reasonable sentence.

Cannady has made a motion to file a pro se supplemental brief in this court. We grant the motion, but find that the issue he raises, that police officers violated his Fourth Amendment rights, is foreclosed by his unconditional plea of guilty. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973).

Because we find that the district court conducted an appropriate and thorough Rule 11 colloquy ensuring a voluntary guilty plea and the sentence it imposed on Cannady was reasonable, we affirm Cannady's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3