**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4658**

———————

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

ANDREW JEROME MALCOLM,

     Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, Chief District Judge. (2:08-cr-00232-DCN-1)

———————

Submitted: August 20, 2010   Decided: September 9, 2010

———————

Before MOTZ, AGEE, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Marcia G. Shein, LAW OFFICE OF MARCIA G. SHEIN, Decatur, Georgia, for Appellant. Kevin F. McDonald, Acting United States Attorney, Alston C. Badger, Christopher Coates, Assistant United States Attorneys, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Jerome Malcolm was convicted by a jury of importing into the United States fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(H) (2006), and possession with intent to distribute more than fifty grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006). Malcolm's indictment arose from a traffic stop conducted by a South Carolina Highway Patrol trooper that resulted in the discovery of methamphetamine in the sleeper area of the cab of a tractor trailer driven by Malcolm.

On appeal, Malcolm first argues that the evidence was insufficient to sustain his conviction for importation of methamphetamine, because the controlled substance had not reached its final destination and the crime was therefore not complete. "The offense of importation of a controlled substance into the United States requires proof (1) that the substance was imported; (2) that it was imported knowingly and willfully; and (3) that the defendant willfully associated himself with the importation venture." United States v. Samad, 754 F.2d 1091, 1096 (4th Cir. 1984). In a case involving marine transport of a controlled substance, the Court held that "[w]hile crossing into United States waters in Palmero [v. United States, 112 F.2d 922 (1st Cir. 1940)] was sufficient to establish importation, that

2

event is not necessarily also the termination of the act of importation." United States v. MacDougall, 790 F.2d 1135, 1151 (4th Cir. 1986). We conclude that the elements of importation were fulfilled when Malcolm knowingly and willfully drove his truck across the border from Canada and entered the United States with the drugs in his truck. Although the importation was not completed, it was established.

Malcolm next argues that the district court erred in finding that he voluntarily consented to the search of his truck. Whether a defendant has voluntarily consented to a search is a factual question determined under the totality of the circumstances and, accordingly, is reviewed under the clearly erroneous standard. See Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973); United States v. Jones, 356 F.3d 529, 533 n.* (4th Cir. 2004). Under the clearly erroneous standard, this court will reverse the district court only when it is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (internal quotation marks and citation omitted). "[I]f the district court's account of the evidence is plausible in light of the record viewed in its entirety," this court will not reverse the district court's finding despite concluding that it would have "decided the fact differently." Id. (internal quotation marks, citation, and alteration omitted). In other

3

words, when two views of the evidence are permissible, "the district court's choice between them cannot be clearly erroneous." Id. (internal quotation marks and citation omitted). We accord particular deference "to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks and citation omitted). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. United States v. Neely, 564 F.3d 346, 349 (4th Cir. 2009). Our review of the record leads us to conclude that the district court did not err in denying Malcolm's motion to suppress.

Malcolm next argues that the district court erred by limiting his re-cross examination of Trooper Laird regarding a previous stop of another truck owned by Malcolm's employer. The truck, which was stopped in New Jersey, contained twice as many pills as were found in Malcolm's truck. Prior to trial, Malcolm moved to prohibit any mention of this incident, and the Government agreed that it would not introduce any evidence regarding the stop. Fed. R. Evid. 611(b) provides: "Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the

4

witness.  The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination." The district court "'is vested with broad discretion to control the mode of interrogation and presentation of evidence,'" and this court reviews a district court's ruling under Fed. R. Evid. 611(b) "only to determine whether it has abused its discretion." United States v. McMillon, 14 F.3d 948, 955-56 (4th Cir. 1994) (quoting United States v. Gravely, 840 F.2d 1156 (4th Cir. 1988)); see also United States v. Siegel, 536 F.3d 306, 320 (4th Cir. 2008) (district court is "vested with broad authority to control the manner of trial and the presentation of evidence"). We conclude that the district court properly exercised its discretion in limiting the cross-examination of Laird.

Malcolm next argues that the district court erred in allowing the Government to present testimony of statements that he did not make, by way of a description of his reaction to the discovery of the drugs.  Malcolm argues that his silence did not constitute an adoptive admission, and thus the testimony was inadmissible hearsay.  This court reviews "the district court's admission of testimony for abuse of discretion.  United States v. Roe, 606 F.3d 180, 185 (4th Cir. 2010).  Malcolm did not object to this testimony, and thus we review for plain error.  "To establish plain error, [Malcolm] must show that an error occurred, that the error was plain, and that the error

affected his substantial rights."  United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007).  Even if Malcolm satisfies these requirements, "correction of the error remains within [the court's] discretion, which [the court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  Id. (internal quotation marks and citation omitted).

"The adoptive-admission doctrine permits statements of others to be treated by the jury as statements of the party — it is as if the party himself made the statement."  United States v. Williams, 445 F.3d 724, 735 (4th Cir. 2006).  In order to be admissible as an adoptive admission, however, the statement to which the defendant's response is relevant must be at least implicitly accusatory to the degree that failure to answer is an adoption of the accusatory statement by the defendant.  Id.  Assuming, without deciding, that the district court erred in allowing the testimony in question, we conclude that, in light of the significant other evidence of Malcolm's guilt, such error did not affect Malcolm's substantial rights, and thus he is not entitled to relief on this claim.

Malcolm next argues that his due process rights were violated by the Government's failure, despite three requests, to produce his trucker's logbook.  He asserts that evidence in the logbook could have been used to impeach the trooper's testimony

6

regarding his suspicions during the traffic stop, allowing Malcolm to more fully litigate his motion to suppress. To the extent the Constitution imposes a duty upon the government to preserve evidence, "that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense." California v. Trombetta, 467 U.S. 479, 488-89 (1984). To satisfy this standard, evidence must: (1) "possess an exculpatory value that was apparent [to the police] before the evidence was destroyed," and (2) "be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." Id. at 489. The mere possibility that lost or destroyed evidence could have exculpated a defendant is not sufficient to satisfy Trombetta's requirement that the exculpatory value be "apparent" to the police before its loss or destruction, which is required to establish that the police acted in bad faith. Arizona v. Youngblood, 488 U.S. 51, 56 n.* (1988). Our review of the record leads us to conclude that Malcolm fails to establish that the logbook was clearly exculpatory, or that the Government acted in bad faith.

Malcolm asserts counsel failed to properly introduce exculpatory cell phone records, failed to present evidence that another employee of Malcolm's employer had been arrested for trafficking ecstasy, and failed to obtain his logbook. Claims of ineffective assistance of counsel are generally not

7

cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295. In this case, the record does not conclusively show that counsel performed deficiently, or that any failure by counsel prejudiced Malcolm.

Malcolm next argues that the district court did not sufficiently examine his testimony and explain its determination that he committed perjury in imposing a sentencing enhancement for obstruction of justice. This court reviews for clear error a district court's determination that a defendant obstructed justice. United States v. Hughes, 401 F.3d 540, 560 (4th Cir. 2005). The district court summarized Malcolm's false testimony regarding his knowledge that the drugs were in his truck, and made the required findings that the testimony was material and was given with an intent to deceive. The court's explanation was sufficient, and the enhancement was properly applied.

Malcolm's final argument is that the evidence relied on by the district court to determine drug quantity was too speculative and unreliable. This court reviews the district

8

court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error. United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). The Government must establish the quantity of drugs attributable to a defendant by a preponderance of the evidence and may do so through the introduction of relevant and reliable evidence. United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994). "The district court is afforded broad discretion as to what information to credit in making its calculations." United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996) (internal quotation marks omitted). We conclude that the method utilized by the forensic chemist and adopted by the district court to estimate the quantity of drugs possessed by Malcolm was appropriate to the evidence in question. The court's drug quantity determination is therefore supported by the evidence.

Accordingly, we affirm Malcolm's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED