**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4675**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

JOSE MANUEL GONZALEZ-SOSA, a/k/a Jose Manuel Gonzales, a/k/a Sergio Gonzalez-Lopez, a/k/a Juan Manuel Gonzalez-Sosa,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:10-cr-00241-NCT-1)

Submitted: December 16, 2011    Decided: December 22, 2011

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Manuel Gonzalez-Sosa pled guilty, pursuant to a written plea agreement, to one count of transferring false identification documents, in violation of 18 U.S.C. § 1028(a)(2), (b)(1)(A)(i) (2006) (Count One); one count of knowingly possessing document-making implements for making false identification documents, in violation of 18 U.S.C. § 1028(a)(5), (b)(1)(C) (2006) (Count Four); and one count of illegal reentry after removal as a convicted felon, in violation of 8 U.S.C. § 1326(a), (b)(1) (2006) (Count Six).

Gonzalez-Sosa's presentence report ("PSR") applied a sixteen-level enhancement, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A)(ii) (2010), because he had been deported after conviction for a felony crime of violence, citing a 2001 conviction in North Carolina state court of a "Felony Crime Against Nature." Based on this enhancement and the resulting Guidelines range, the district court sentenced Gonzalez-Sosa to forty-one months' imprisonment. Gonzalez-Sosa timely appeals.

On appeal, Gonzalez-Sosa's brief raises only one issue, challenging this sixteen-level enhancement in light of our recent decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). He has also filed an unopposed motion to vacate his sentence and remand for resentencing in

2

light of Simmons. Gonzalez-Sosa claims that under Simmons, his prior conviction for Crime Against Nature does not constitute a felony.

Because Gonzalez-Sosa did not object in the district court to the enhancement, we review the issue for plain error. See United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007) (reviewing for plain error where defendant did not object to district court's denial of defendant's allocution). At the time of sentencing, the district court's application of the enhancement was consistent with our decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Under North Carolina law, a defendant convicted of a Class I felony, as was Gonzalez-Sosa, with the worst possible history (prior record level VI) and aggravating sentencing factors could have received a maximum fifteen month sentence. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009). Thus, under Harp, Gonzalez-Sosa's prior Class I felony conviction constituted a crime punishable by imprisonment for a term exceeding one year. See Harp, 406 F.3d at 246-47. Accordingly, at the time Gonzalez-Sosa was sentenced, the Crime Against Nature conviction plainly qualified as a felony conviction for a crime of violence.

However, in Simmons we overruled Harp, holding that a North Carolina offense may not be classified as a felony based upon the maximum aggravated sentence that could be imposed upon

3

a repeat offender if the individual defendant was not eligible for such a sentence. See Simmons, 649 F.3d at 241, 246-47. Under Simmons, Gonzalez-Sosa's Crime Against Nature conviction was not punishable by imprisonment for a term exceeding one year. Even assuming the State sought an aggravated sentence, which the state court judgment belies, with his prior record level of II, the maximum sentence Gonzalez-Sosa could have received for his Class I felony was ten months' imprisonment. See N.C. Gen. Stat. § 15A-1340.17(c) (longest minimum sentence for a Class I felony with prior record level II is eight months' imprisonment); N.C. Gen. Stat. § 15A-1340.17(d) (maximum term of imprisonment for an eight-month minimum sentence is ten months).[1]

Accordingly, we affirm Gonzalez-Sosa's conviction, which he does not challenge on appeal. We grant Gonzalez-Sosa's motion to vacate, vacate his sentence, and remand this case to the district court for resentencing in light of Simmons.[2] We dispense with oral argument because the facts and legal

---

[1] We of course do not fault the district court for its reliance upon, and application of, unambiguous circuit authority at the time of Gonzalez-Sosa's sentencing.

[2] Although Gonzalez-Sosa does not raise this issue, it appears that Simmons will affect the maximum sentence applicable to his 8 U.S.C. § 1326 conviction. We leave this issue for the district court to evaluate upon resentencing.

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART</u>,
<u>AND REMANDED</u>