**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4128**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

ACIENTO TYRONE WILLIAMS, a/k/a "Dante",

             Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:09-cr-00050-JPB-DJJ-1)

Submitted:  August 9, 2012              Decided:  May 28, 2013

Before WILKINSON, WYNN, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Kirk H. Bottner, BOTTNER & SKILLMAN, ATTORNEYS AT LAW, Charles Town, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aciento Tyrone Williams appeals his sixty-month sentence imposed after he pled guilty pursuant to a plea agreement to one count of distributing cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2012). Williams' sole assertion is that the district court erred when it sentenced him to the statutory mandatory minimum sentence applicable to his crime before the Fair Sentencing Act ("FSA") became effective. We vacate and remand for resentencing.

Because Williams did not argue that he should be sentenced under the FSA in the district court, we review for plain error. See United States v. Lynn, 592 F.3d 572, 576-77 (4th Cir. 2010) (holding that "plain-error review applies when a party lodges an objection to the sort of procedural sentencing error at issue here for the first time on appeal"). Under that standard of review, Williams must establish that "an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). "[I]t is enough that an error be 'plain' at the time of appellate consideration for the second part of the . . . test to be satisfied." Henderson v. United States, 133 S. Ct. 1121, 1130-31 (2013) (internal quotation marks and alterations

omitted).[1]  Even if Williams satisfies these requirements, we retain discretion to correct the error, which we will not exercise unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Muhammad, 478 F.3d at 249.

Under Dorsey v. United States, 132 S. Ct. 2321 (2012), it is now clear that the FSA is retroactively applicable to a defendant who, like Williams, committed his offense prior to August 3, 2010, but whose sentencing took place after the FSA's effective date.  Dorsey, 132 S. Ct. at 2335.  It is also clear that because Williams pled guilty to distributing 12.2 grams of cocaine base, under the FSA, there is no longer a statutory mandatory minimum sentence applicable to his crime.  See 21 U.S.C.A. § 841(b)(1)(B)(iii) (West Supp. 2012) (imposing five-year statutory mandatory minimum sentence for crime involving twenty-eight or more grams of cocaine base).

Because the district court plainly erred by failing to retroactively apply the FSA to Williams's sentencing, we must assess whether this error affected his substantial rights.  "To satisfy this requirement in the sentencing context, the

---

[1] This appeal was placed in abeyance for Henderson, which concerned itself with whether an error satisfies the plain error test only if it was clearly error under current law *at the time of trial*.  Henderson, 133 S. Ct. at 1124.

3

defendant must show that he would have received a lower sentence had the error not occurred." United States v. Knight, 606 F.3d 171, 178 (4th Cir. 2010). In this case, Williams's status as a career offender under USSG § 4B1.1 produced a Guidelines Range of 188-235 months' imprisonment. After granting the government's USSG § 5K1.1 motion for substantial assistance, the district court lowered the range to 140-175 months' imprisonment. The imposed sentence of sixty months, therefore, entailed a dramatic downward departure from the advisory Guidelines Range.

Even though the district court would have departed from the same baseline absent the error, the record reflects that--absent the floor of the statutory minimum--the district court would have gone even lower. The district court noted that Williams presented "one of the difficult cases," and that Williams had "made a sincere effort to change his life, hold a job, [and] . . . to seek further education." J.A. 33-34. The district court then remarked: "But this is a mandatory minimum case. And by statute, the least I can give is 60 months. And I have given 60 months." J.A. 34.

On this record, there is a "non-speculative basis" for us to conclude that the district court's error restricted its sentencing discretion to impose a lower sentence. See Knight, 606 F.3d at 178. Because we conclude such an error "seriously

4

affected" the fairness of the judicial process, we exercise our discretion to correct it and remand the matter to the district court for resentencing under the FSA.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[2] We, of course, intimate no view as to whether the district court should impose a different sentence on remand.