**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4307**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JULIUS B. BROWN,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  George L. Russell, III, District Judge. (8:12-cr-00525-GLR-1)

Submitted:  September 11, 2013    Decided:  September 16, 2013

Before MOTZ, DUNCAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Hughie D. Hunt, II, KEMET & HUNT, LLC, College Park, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Jane F. Nathan, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julius B. Brown appeals from his conviction and sentence of twelve months of probation and a $430.00 fine for driving under the influence of alcohol, in violation of 36 C.F.R. § 4.23(a)(1) (2013), and improper use of a cell phone, in violation of Md. Code Ann., Transp. § 21-1124.2 (LexisNexis Supp. 2012), following his bench trial before a magistrate judge. Brown argues that the magistrate judge erred in denying his motion to suppress the fruits of his seizure during a traffic stop. The Government contends that we should not consider the issue because Brown did not timely brief his appeal to the district court under D. Md. Loc. R. 302. 18 U.S.C. § 3402 (2006); Fed. R. Crim. P. 58(g). Although we assume for the sake of this appeal that Brown's failure to comply with the district court's local rules forfeited, rather than waived, the issue of his seizure's legality, we nonetheless affirm.

In a criminal case, forfeited issues are reviewed for plain error. United States v. Olano, 507 U.S. 725, 733-34 (1993). To establish plain error, Brown must show that "an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Brown satisfies these requirements, however, we retain discretion to correct the error, which we will "not exercise unless the error seriously

2

affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and alteration omitted). Brown fails to meet this high standard.

Officers may make a traffic stop if they have reasonable, articulable suspicion that a driver has committed a traffic violation. United States v. McBride, 676 F.3d 385, 391-92 (4th Cir. 2012). "A reasonable suspicion is demonstrated when an officer is able to point to specific and articulable facts which, taken together with rational inferences from those facts, evince more than an inchoate and unparticularized suspicion or hunch of criminal activity." United States v. Ortiz, 669 F.3d 439, 444 (4th Cir. 2012) (internal quotation marks omitted). Our review of the record leads us to conclude that the magistrate judge did not err, much less plainly so, in finding that the officer had reasonable suspicion to stop Brown and investigate whether the cause of his erratic driving might be intoxication.

Accordingly, we affirm the denial of Brown's motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3