**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4248**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DUANE LEROY FOX,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:14-cr-00045-MOC-1)

———————

Submitted:  January 28, 2016      Decided:  February 9, 2016

———————

Before MOTZ and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Ross Hall Richardson, Executive Director, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Duane Leroy Fox appeals his 12-month sentence received after revocation of supervised release. On appeal he contends that: (1) the district court committed plain error when it failed to invite him to address the court before imposing his sentence; and (2) the sentence is plainly unreasonable because the district court failed to determine and consider the Sentencing Guidelines policy statement range before imposing the sentence. For the reasons that follow, we affirm.

We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). Only if a revocation sentence is unreasonable, must we assess whether it is plainly so. United States v. Moulden, 478 F.3d 652, 656-57 (4th Cir. 2007). In determining whether a revocation sentence is unreasonable, we strike a more deferential appellate posture than when reviewing original sentences, id. at 656, and apply the same procedural and substantive considerations that guide a court's review of original sentences. Crudup, 461 F.3d at 438. A sentencing court must consider both the policy statements and the applicable policy statement range found in Chapter 7 of the Sentencing Guidelines manual, as well as the applicable 18 U.S.C. § 3553(a) (2012) factors. Moulden, 478 F.3d at 656-

2

57.  The court need not analyze every § 3553(a) factor. Ultimately, a sentencing court has broad discretion to revoke release and to impose a term of imprisonment up to the statutory maximum.  Id. at 657.

Before imposing a sentence, a district court must address the defendant personally in order to permit him to speak or present any information to mitigate the sentence.  Fed. R. Crim. P. 32(i)(4)(A)(ii); see United States v. Muhammad, 478 F.3d 247, 248-49 (4th Cir. 2007).  Fox alleges that the district court erred when it did not invite him to address the court prior to imposing sentence.  Because Fox raises this issue for the first time on appeal, we review the issue only for plain error. United States v. Olano, 507 U.S. 725, 731-32 (1993).  Because Fox addressed the court several times before he was sentenced, we find that any error was harmless.

Next, Fox alleges error because the district court failed to consider his policy statement range.  When imposing a revocation sentence, a district court must "consider the policy statements contained in Chapter 7, including the policy statement range, as 'helpful assistance,' and . . . consider the applicable § 3553(a) factors."  Moulden, 478 F.3d at 656–57 (quoting Crudup, 461 F.3d at 439).  The record reveals that the district court did consider relevant § 3553(a) factors, and had read the probation officer's petition, which discussed Fox's

3

policy statement range. Given that Fox's policy statement range was 24 months, and the court imposed a 12-month sentence after considering relevant § 3553(a) factors, we discern no reversible error. Moreover, we note that the district court was faced with a cantankerous, foul-mouthed defendant, who was threatening his probation officer at the hearing. In the context of this proceeding, we do not find that Fox's 12-month sentence was plainly unreasonable, despite the court's failure to recite Fox's policy statement range prior to sentencing.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED