**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-4795**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JARVIS NATHAN MCNEAL,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:07-cr-01049-RBH-1)

———————————

Submitted:  May 12, 2010                    Decided:  June 2, 2010

———————————

Before KING, SHEDD, and AGEE, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarvis Nathan McNeal appeals his convictions and the 189-month sentence imposed by the district court after he pled guilty to armed bank robbery and brandishing a firearm during and in relation to a crime of violence. McNeal's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in his opinion, there are no meritorious grounds for appeal, but questioning whether McNeal's plea was knowing and voluntary, and whether the sentence imposed was reasonable. McNeal has filed a pro se supplemental brief arguing that the district court erred in granting an upward departure under U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3 (2007) based on his post-plea criminal conduct while on bond for the instant offense. We affirm.

Because McNeal did not move in the district court to withdraw his guilty plea, we review any error in the Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [McNeal] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Our review of the record leads us to conclude that the district court fully complied with Rule 11, and that McNeal's guilty plea was knowing and voluntary.

2

We next review McNeal's sentence. We review a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008). Significant procedural errors include "'failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 51). We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. When reviewing a sentence on appeal, we presume a sentence within the properly-calculated Guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Here, the district court departed upward in calculating the applicable Guideline range, on the ground that McNeal's criminal history category under-represented the seriousness of his criminal history. USSG § 4A1.3(a). When reviewing a departure, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose

3

such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). Under USSG § 4A1.3(a)(1), "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." In determining whether an upward departure is called for, the district court may look to "[p]rior similar adult criminal conduct not resulting in a conviction." USSG § 4A1.3(a)(2)(E). See United States v. Dixon, 318 F.3d 585, 591 (4th Cir. 2003) (approval of an upward departure under § 4A1.3(a)(1) based on four pending charges).

We have reviewed the record and conclude that the district's court decision to depart upward was procedurally and substantively reasonable. First, the testimony of the victims of McNeal's post-plea criminal conduct was reliable, and indicated that McNeal had committed the crimes. Second, the criminal conduct at issue was similar to the instant offense. Third, McNeal's post-plea crime spree was committed after he had been released on bond for the instant offense so that he could cooperate with the government.

In addition, the extent of the departure was reasonable. McNeal's post-plea criminal conduct provided

4

persuasive grounds for the district court to conclude that McNeal's criminal history classification in category II was insufficient to reflect the seriousness of his criminal history, or the likelihood that he would commit future crimes. The district court moved horizontally from criminal history category II to category IV by assigning criminal points based on McNeal's post-plea conduct. We conclude that this methodology complied with the Guidelines requirement that, in deciding the extent of a departure, the court shall use "as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's." USSG § 4A1.3(a)(4)(A). Therefore, we conclude that the extent of the district court's departure was reasonable.

Thus, we find that the district court properly calculated the Guideline range. Further, the district court considered the parties' arguments and relevant § 3553(a) factors, including McNeal's history and characteristics and the need for the sentence to protect the public, and reasonably imposed a sentence at the high end of the advisory range. Therefore, McNeal's sentence is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for

5

appeal.  We therefore affirm the district court's judgment. This court requires that counsel inform McNeal in writing of his right to petition the Supreme Court of the United States for further review.  If McNeal requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on McNeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED