**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4471**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

PHILLIP GERRAD RUCKER,

    Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. G. Ross Anderson, Jr., Senior District Judge. (8:08-cr-00628-GRA-2)

Submitted: September 9, 2010   Decided: September 17, 2010

Before DUNCAN and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Elizabeth B. Scherer, Matthew N. Leerberg, SMITH MOORE LEATHERWOOD LLP, Raleigh, North Carolina, for Appellant. Kevin F. McDonald, Acting United States Attorney, A. Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip Gerrad Rucker pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute more than 500 grams of methamphetamine and 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (2006), and was sentenced to 262 months of imprisonment. On appeal, Rucker contends that the district court committed several errors during his Fed. R. Crim. P. 11 colloquy and sentencing. For the following reasons, we affirm Rucker's conviction but vacate his sentence and remand for further proceedings.

I.

Rucker was arrested following an investigation into the drug operations of one Howard Stiwinter. Federal agents intercepted a phone call between Stiwinter and Rucker arranging for a drug sale to Rucker. Rucker was indicted on two counts of a multi-count indictment, and charged with conspiracy to possess with intent to distribute and to distribute more than 500 grams of methamphetamine and 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846, and unlawful use of a communications facility to facilitate commission of a drug-related felony, in violation of 21 U.S.C. § 843(b) (2006).

Rucker entered into a plea agreement, agreeing to plead guilty to the conspiracy charge in exchange for dismissal

2

of the communications charge.  Pursuant to the plea agreement, Rucker also agreed to forfeit $4124 in United States currency.

Prior to sentencing, a probation officer prepared a Presentence Report (PSR).  The PSR determined that the base offense level was 26 and Rucker had a criminal history category of III.  The PSR also determined, however, that pursuant to U.S. Sentencing Guidelines Manual § 4B1.1 (2008), Rucker was a career offender because he had two prior convictions for controlled substance offenses.  Accordingly, Rucker's base offense level was adjusted to 37 and his criminal history to category VI. Rucker received a total reduction of three levels, USSG § 3E1.1, yielding a total offense level of 34 and a Guideline range of 262 to 327 months of imprisonment.  USSG Ch. 5, Pt. A (sentencing table).  By statute, as a result of the prior convictions, Rucker faced a mandatory minimum sentence of ten years' imprisonment.  See 21 U.S.C. § 841(b)(1)(B) and 851.

At sentencing, Rucker's counsel argued that the PSR erred in finding that Rucker was a career offender and that, in the alternative, the district court should vary downward from the Guideline range because of Rucker's personal circumstances. In support of this latter argument, Rucker's counsel noted that Rucker's criminal history was limited to two incidents that occurred close in time in 1994 and that, since his parole in 1998, Rucker had maintained a clean record.  In addition,

3

counsel noted that Rucker was married and a lifelong area resident. Counsel finally noted that Rucker was not extensively involved in Stiwinter's criminal enterprise. The district court upheld the determination that Rucker was a career offender and rejected what it termed Rucker's plea for leniency. Without affording Rucker himself an opportunity to speak, the district court stated that it considered the "objections and the advisory nature of the sentencing guidelines, as well as the discretionary nature of the sentencing factors," and sentenced Rucker to 262 months of imprisonment, the bottom of the applicable Guideline range.

Rucker noted a timely appeal.

II.

On appeal, Rucker argues that the district court plainly erred during his Rule 11 colloquy and also during sentencing.[1] Rucker admits that he did not raise an objection below to the challenges to his guilty plea, and our review is thus for plain error. See United States v. Vonn, 535 U.S. 55,

_____

[1] We note that Rucker's plea agreement contained an appellate waiver. The Government concedes, however, that the district court did not address the waiver with Rucker during his Rule 11 colloquy and, in fact, suggested to Rucker that he could appeal. Accordingly, the Government concedes that the waiver is unenforceable and we may proceed to the merits of Rucker's appeal. See United States v. Manigan, 592 F.3d 621, 628 (4th Cir. 2010).

4

58-59 (2002) (plain error review applies to unpreserved Rule 11 claims).

In order to satisfy the plain error standard, Rucker must show: (1) an error was made; (2) the error is plain; and (3) the error affects his substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). The decision to correct the error lies within our discretion, and we exercise that discretion only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (alterations and internal quotation marks omitted). Rucker bears the burden of satisfying each of the elements of the plain error standard. Vonn, 535 U.S. at 59. For Rucker to satisfy the third requirement in the Rule 11 context—that the error affected his substantial rights—he "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004). "[The] defendant must . . . satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." Id. at 83 (internal quotation marks omitted).

In this case, Rucker contends that the district court plainly erred in failing to explain to Rucker two portions of

5

his plea agreement: the appeal waiver and a property forfeiture agreement.

We conclude that, even assuming the district court plainly erred during the Rule 11 colloquy, Rucker is not entitled to relief. In <u>United States v. Massenburg</u>, 564 F.3d 337 (4th Cir. 2009), the district court failed to inform Massenburg that he could be subject to an enhanced sentence if he had three prior felony convictions. We concluded that this failure constituted plain error but that Massenburg could not show the error affected his substantial rights. In reaching this conclusion, we noted that the record was devoid of any statements from Massenburg that he would not have pleaded guilty if he had been aware of the possibility of a higher sentence. <u>Id.</u> at 343. We also noted that Massenburg never moved to withdraw his plea after the PSR indicated that he was subject to the enhanced sentence. <u>Id.</u> at 343-44. Finally, we noted that the case against Massenburg was a "strong one," permitting us to "legitimately question what Massenburg would have to gain by going to trial." <u>Id.</u> at 344. <u>See also</u> <u>Dominguez Benitez</u>, 542 U.S. at 85 ("When the record made for a guilty plea and sentencing reveals evidence, as this one does, showing both a controlled sale of drugs to an informant and a confession, one can fairly ask a defendant seeking to withdraw his plea what he might ever have thought he could gain by going to trial.").

Likewise, in this case there is no indication in the record that Rucker would not have pleaded guilty but for the errors. Indeed, because the appellate waiver is unenforceable, it is unclear what exactly Rucker would have to gain from a remand. Regarding the forfeiture provision, there is no record evidence that the forfeiture of a little more than $4000 affected Rucker's decision to plead guilty. As the Government notes in its brief, even assuming the district court did not adequately explain the forfeiture to Rucker, the currency was forfeited in October 2008, more than five months prior to Rucker's plea. Moreover, in August 2008, two notices were sent to Rucker and his wife explaining that the currency would be forfeited unless an appropriate claim was made. Thus, given the fact that the currency was forfeited prior to Rucker's plea and neither Rucker nor his wife placed a claim on the money when notified of their opportunity to do so, it hardly seems plausible that explanation of the forfeiture provision would have prompted Rucker to reassess his decision to plead guilty. Finally, as in <u>Massenburg</u>, the evidence against Rucker is strong: agents intercepted a phone call between Rucker and Stiwinter in which Rucker agreed to purchase drugs from Stiwinter.

In sum, even assuming the district court committed Rule 11 error by failing to address Rucker regarding the

7

appellate waiver and the forfeiture provisions in his plea agreement, Rucker cannot satisfy the remaining plain error requirements. Accordingly, we conclude that his conviction was the result of a valid guilty plea.[2]

Next, Rucker contends that the district court committed reversible error during sentencing. Rucker first argues that the district court erroneously concluded that he was a career offender. In the alternative, Rucker argues that the district court committed plain error by failing to allow him to allocute at sentencing and committed procedural error by failing to provide an adequate statement of reasons for the sentence imposed.

"In determining whether a district court properly applied the advisory Guidelines, including application of any sentencing enhancements, we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009). In this case, the PSR concluded that Rucker had two prior felony convictions, but Rucker contends that, because the sentencing

---

[2] Rucker also contends that the cumulative error doctrine applies in this case. See United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002). Because neither error worked "any cognizable harm, it necessarily follows that the cumulative error doctrine finds no foothold." United States v. Basham, 561 F.3d 302, 330 (4th Cir. 2009) (alterations and internal quotation marks omitted).

8

for the convictions was consolidated, the convictions should count as a single conviction under USSG § 4A1.2(a)(2). The district court found that the charges were separated by an intervening arrest and therefore counted as separate convictions. On appeal, Rucker does not contest the existence of a separate intervening arrest, but rather argues that an intervening arrest should be but one factor examined under § 4A1.2. The Guideline, however, is quite clear that "[p]rior sentences <u>always</u> are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." <u>USSG</u> § 4A1.2 (emphasis added). As the PSR recounts, the charges were separated by an intervening arrest: Rucker was arrested on September 17, 1993 for possession with intent to distribute cocaine and then arrested in January 1994 following an investigation into cocaine distribution from November 1993 to January 1994. Accordingly, the district court correctly found that Rucker's prior convictions counted as separate convictions for the purpose of calculating Rucker's sentence.

In his alternative argument, Rucker contends that the district court committed plain error by not offering him the opportunity to allocute during sentencing and committed procedural error by failing to provide an adequate statement of

9

reasons for the sentence. Because we agree that the district court committed plain error by not affording Rucker an opportunity to allocute, we need not address Rucker's claim that the court did not adequately explain its sentence.

In United States v. Muhammad, 478 F.3d 247 (4th Cir. 2007), we held that failure to permit a defendant to allocute during sentencing constituted plain error. We found that the error affected Muhammad's substantial rights because he "was denied the opportunity to attempt to personally persuade the district court that he should receive a lower sentence under the new advisory guidelines regime." Id. at 251. Because the post-Booker regime "allows greater consideration of a defendant's individual circumstances," the "possibility remain[ed]" that Muhammad could have received a lower sentence if he had the right of allocution. Id. (internal quotation marks omitted).

The Government assumes that the district court plainly erred by failing to invite Rucker's allocution, but argues that this error did not thwart Rucker's substantial rights. We disagree. Although Rucker's 262-month sentence was at the bottom of the Guideline range, his statutory minimum sentence was only ten years' imprisonment. See 21 U.S.C. § 841(b)(1)(B) (2006). We conclude that, as in Muhammad, there is a realistic possibility that Rucker could have received a lower sentence had he been permitted to allocute. As Rucker observes, his criminal

10

history is limited to his 1994 convictions, and his record was clean from 1998 to 2008. Rucker further notes that he has developed a relationship with his daughter and extended family and is married to a nurse in the community. Moreover, Rucker points out that, despite his minimal involvement in the conspiracy (a single phone call and purchase), he received the highest sentence of any of the co-conspirators charged with Stiwinter. Indeed, Stiwinter himself received a sentence of 262 months' imprisonment. A distinct possibility thus remains that, had he been afforded the opportunity to allocute, Rucker would have received a lower sentence. Accordingly, we vacate Rucker's sentence and remand for a new sentencing proceeding.[3]

## III.

For the foregoing reasons, we affirm Rucker's conviction but vacate his sentence and remand for resentencing. We dispense with oral argument because the facts and legal

---

[3] Because we are vacating Rucker's sentence on this ground, we do not consider Rucker's alternate argument that the district court failed to provide an adequate statement of reasons for the sentence. We are confident that the district court will be mindful, on resentencing, of its obligation to consider the parties' arguments and the statutory sentencing factors, "make an individualized assessment based on the facts presented," and explain the selected sentence. Gall v. United States, 552 U.S. 38, 49-50 (2007).

11

contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>  
<u>VACATED IN PART,</u>  
<u>AND REMANDED</u>