**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5149**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAIZON ANTOINE RIVERS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, Chief District Judge.  (2:08-cr-01151-DCN-1)

Submitted:  October 7, 2010          Decided:  November 18, 2010

Before NIEMEYER, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  William N. Nettles, United States Attorney, Matthew Modica, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Laizon A. Rivers appeals his conviction and sixty-month sentence imposed after he pled guilty to carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Rivers's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in his opinion, there are no meritorious grounds for appeal, but questioning whether Rivers's plea was knowing and voluntary, and whether the sentence imposed was reasonable. We affirm.

Because Rivers did not move in the district court to withdraw his guilty plea, we review any error in the Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Rivers] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Our review of the record leads us to conclude that the district court fully complied with Rule 11, and that Rivers's guilty plea was knowing and voluntary and supported by an independent basis in fact.

We next review Rivers's sentence. The district court sentenced Rivers to the mandatory minimum sentence of sixty months' imprisonment as set forth in 18 U.S.C.

2

§ 924(c)(1)(A)(i). This statutorily mandated minimum sentence is per se reasonable. <u>United States v. Farrior</u>, 535 F.3d 210, 224 (4th Cir. 2008). We also find no error in the imposition of the five-year term of supervised release.[*]

In accordance with <u>Anders</u>, we have reviewed the record and found no meritorious issues for appeal. We therefore affirm Rivers's conviction and sentence. This court requires that counsel inform Rivers, in writing, of the right to petition the Supreme Court of the United States for further review. If he requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rivers. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] We requested supplemental briefing from the parties on whether a violation of 18 U.S.C. § 924(c)(1)(A) was a Class A felony under 18 U.S.C. § 3559(a)(1) (2006) authorizing a maximum term of five years of supervised release under 18 U.S.C. § 3583(b)(1) (2006). After reviewing those briefs, we find that Rivers is entitled to no relief on this issue.