**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4220**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

CANDELARIO GONZALEZ-RIVERA, a/k/a Juancho, a/k/a Juan David,

              Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Robert J. Conrad,
Jr., Chief District Judge. (3:10-cr-00070-RJC-DSC-1)

Submitted: March 29, 2012          Decided: April 2, 2012

Before WILKINSON, KING, and KEENAN, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

David G. Belser, BELSER & PARKE, P.A., Asheville, North
Carolina, for Appellant.  Anne M. Tompkins, United States
Attorney, Melissa L. Rikard, Assistant United States Attorney,
Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Candelario Gonzalez-Rivera appeals the 150-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2006). In the plea agreement, Gonzalez-Rivera agreed to waive his right to appeal his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. Although the district court sustained some of Gonzalez-Rivera's objections to the presentence report, it varied upward from the Sentencing Guidelines range of 87 to 108 months' imprisonment and sentenced him to 150 months. On appeal, Gonzalez-Rivera argues his sentence was procedurally and substantively unreasonable and that the Government committed prosecutorial misconduct by breaching the plea agreement. Relying on the waiver of appellate rights in Gonzalez-Rivera's plea agreement, the Government urges the dismissal of this appeal. We affirm in part and dismiss in part.

Gonzalez-Rivera first argues the district court erred in determining the amount of drugs foreseeable to him and the resulting Guidelines range. He further argues the sentence was substantively unreasonable because the upward variance was not warranted. A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter,

492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

After reviewing the record, we conclude that Gonzalez-Rivera knowingly and voluntarily waived the right to appeal his sentence, except claims of ineffective assistance of counsel or prosecutorial misconduct, and that the magistrate judge fully questioned him regarding the appeal waiver at the Fed. R. Crim. P. 11 hearing. Accordingly, the waiver is valid and his claims challenging the reasonableness of his sentence are foreclosed by that waiver. Accordingly, we dismiss this portion of the appeal.

Gonzalez-Rivera, however, claims he is entitled to resentencing because the Government breached the plea agreement by failing to recommend a sentence at the bottom of the Guidelines range. He suggests the Government's breach amounted to prosecutorial misconduct, a claim not barred by the waiver. Because Gonzalez-Rivera failed to raise this issue before the

district court, we review for plain error. <u>Puckett v. United States</u>, 556 U.S. 129, 133-34 (2009). To prevail on his claim under this standard, Gonzalez-Rivera must demonstrate "that an error occurred, that the error was plain, and that the error affected his substantial rights." <u>United States v. Muhammad</u>, 478 F.3d 247, 249 (4th Cir. 2007). He must also establish that the error "was so obvious and substantial that failure to notice and correct it affected the fairness, integrity or public reputation of the judicial proceedings." <u>United States v. McQueen</u>, 108 F.3d 64, 66 (4th Cir. 1997) (internal quotation marks and alteration omitted). The Government was obligated under the plea agreement not to oppose a sentence at the bottom of the Guidelines range. Our review of the record reveals no breach of the agreement on this basis. Because Gonzalez-Rivera's prosecutorial misconduct claim is not barred by the waiver, we affirm in this regard.

Accordingly, we affirm in part and dismiss in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

4