**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5009**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

JEFFREY CANTRELL SHAW, a/k/a Jeffrey Shaw,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Catherine C. Blake, District Judge.
(1:10-cr-00489-CCB-1)

Submitted:  May 18, 2012           Decided:  June 28, 2012

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Gary A. Ticknor, Columbia, Maryland, for Appellant.   Joshua L.
Kaul, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Cantrell Shaw appeals his conviction and the 140-month sentence imposed by the district court following his guilty plea to possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal. Shaw has filed two pro se supplemental briefs, arguing that the district court erred in denying his motion to suppress and that his plea counsel was ineffective. The Government has filed a motion to dismiss based on the appellate waiver in Shaw's plea agreement, except to the extent that Shaw challenges the voluntariness of his guilty plea or raises an ineffective assistance of counsel claim. Shaw's counsel agrees with the Government that Shaw has waived his challenge to the disposition of his motion to suppress by failing to preserve it in the plea agreement. For the reasons that follow, we dismiss the appeal in part and affirm in part.

We consider a defendant's waiver of his right to appeal de novo. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). Where the United States seeks to enforce an appeal waiver and there is no claim that the United States breached its obligations under the plea agreement, we generally will enforce the waiver if the record establishes that: (1) the

2

defendant knowingly and intelligently agreed to waive the right to appeal; and (2) the issue being appealed is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005).

Our review of the record confirms that Shaw knowingly and intelligently waived his right to appeal. In his plea agreement, Shaw waived the right to appeal his conviction and any sentence imposed, save for a sentence that exceeded the Guidelines range determined by the district court. The 140-month sentence that Shaw received was at the low end of that range, and thus he has waived appellate review of his sentence.

Although Shaw's appeal waiver insulates his sentence from appellate review, the Government has conceded that Shaw may challenge his conviction on the ground that his guilty plea was not knowing and voluntary. Because Shaw did not move in the district court to withdraw his guilty plea on this ground, our review of this issue is for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To succeed under the plain error standard, Shaw "must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007).

After reviewing the record, we conclude that Shaw knowingly and voluntarily agreed to plead guilty. The district

3

court ensured that Shaw fully understood the significance and the consequences of his guilty plea and confirmed that no one forced or threatened him to plead guilty or made any promises to him. See Fed. R. Crim. P. 11(b)(2).

Turning, finally, to the issues raised in Shaw's pro se briefs, we conclude that ineffective assistance of counsel does not conclusively appear on the face of the record. Thus, Shaw should raise this claim in a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011). See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). And having held that Shaw's guilty plea is valid, we readily conclude that he has waived his right to challenge the district court's ruling on his motion to suppress. Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Shaw's conviction and dismiss the appeal of his sentence. This court requires that counsel inform Shaw, in writing, of the right to petition the Supreme Court of the United States for further review. If Shaw requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must

4

state that a copy thereof was served on Shaw.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART