**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4650**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

MARK ALAN SCARBOROUGH,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:12-cr-00043-JAB-1)

———————

Submitted: March 7, 2013          Decided: April 5, 2013

———————

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Bruce A. Lee, BRUCE A. LEE, PA, Greensboro, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Alan Scarborough pled guilty pursuant to a plea agreement to one count of possession of firearms by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). He was sentenced to a 180-month term of imprisonment. Scarborough's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Scarborough was notified of his right to file a pro se supplemental brief but has not done so. Finding no error, we affirm.

Because Scarborough did not move the district court to withdraw his guilty plea, the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). "To establish plain error, [a litigant] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). A review of the record reveals no error, plain or otherwise. Rather, the district court complied with Fed. R. Crim. P. 11's requirements, ensuring that Scarborough's plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offense to which he was pleading guilty. Accordingly, we affirm Scarborough's conviction.

We review Scarborough's sentence under an abuse of discretion standard, assessing it for procedural and substantive reasonableness.  Gall v. United States, 552 U.S. 38, 51 (2008).  Our review of the record leads us to conclude that the district court properly calculated Scarborough's Guidelines range and offered a sufficiently reasoned explanation for the sentence imposed.  Scarborough's sentence to the statutory mandated minimum term of imprisonment is procedurally and substantively reasonable.  United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008).  Accordingly, we affirm Scarborough's sentence.

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Scarborough, in writing, of the right to petition the Supreme Court of the United States for further review.  If Scarborough requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on his client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED