**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4465**
_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

MATTHEW JAMES OWENS,

                    Defendant - Appellant.

_____

**No. 14-4484**
_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

DENNIS SHAQUILLE ROSS,

                    Defendant - Appellant.

_____

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:13-cr-00439-CCE-1; 1:13-cr-00439-CCE-2)

_____

Submitted:  January 6, 2015            Decided:  March 24, 2015

_____

Before MOTZ, DIAZ, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

———————————

J. Scott Coalter, COALTER LAW P.L.L.C., Greensboro, North Carolina; Kathleen A. Gleason, John A. Dusenbury, Jr., OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellants. Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Owens and Dennis Ross appeal the district court's criminal judgments. Owens was sentenced to 120 months' imprisonment for assaulting, robbing, and putting in jeopardy the life of a person having lawful custody of United States mail matter, in violation of 18 U.S.C. § 2114(a) (2012). Ross was sentenced to 155 months' imprisonment for the same offense, and for carrying and using, by brandishing, firearms during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012).

In accordance with Anders v. California, 386 U.S. 738 (1967), counsel for Owens and Ross filed a brief certifying that there are no meritorious grounds for appeal but questioning whether the district court (1) plainly erred in calculating Owens's criminal history category ("CHC") or (2) imposed an unreasonable sentence on either Owens or Ross. Although notified of the right to do so, neither Owens nor Ross filed a pro se supplemental brief. We affirm.

Because Owens did not object to his criminal history calculation in the district court, our review is for plain error. United States v. Olano, 507 U.S. 725, 732 (1993). To establish plain error, an appellant must show that an error (1) occurred, (2) was plain, and (3) affected his substantial rights. United States v. Muhammad, 478 F.3d 247, 249 (4th Cir.

3

2007).  Even then, "correction of the error remains within our discretion, which we should not exercise unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. (internal quotation marks and alterations omitted).

We have reviewed the record and conclude that the district court did not plainly err in calculating Owens's criminal history category.  To the contrary, the district court properly added one criminal history point for a 2009 conviction for shoplifting, pursuant to U.S. Sentencing Guidelines Manual §§ 4A1.1(c) and 4A1.2(d)(2)(B).

Owens and Ross both question whether their sentences are unreasonable.  Our review for reasonableness uses "an abuse-of-discretion standard."  Gall v. United States, 552 U.S. 38, 51 (2007).  We must first review for "significant procedural error," including "improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  Id.

If we find no procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances."  Id.  The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the

4

goals of sentencing. See 18 U.S.C. § 3553(a). We presume on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding appellate presumption of reasonableness for within-Guidelines sentence). The defendant bears the burden to rebut the presumption by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

The district court here committed no procedural error, as both Owens and Ross received adequate, individualized explanations of their within-Guidelines sentences. We also find the sentences to be substantively reasonable. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgments. Ross's motion for substitute counsel is denied. This court requires that counsel inform Owens and Ross, in writing, of the right to petition the Supreme Court of the United States for further review. If either requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's

motion must state that a copy thereof was served on the appellant.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6