**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4091**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

DUPRE DISHAWN JENKINS, a/k/a Dupree Dishawn Jenkins,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:14-cr-00145-WO-1)

Submitted:  September 9, 2015     Decided:  September 11, 2015

Before SHEDD, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dupre Dishawn Jenkins pled guilty, pursuant to a written plea agreement, to two counts of interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a), 2 (2012). The district court sentenced Jenkins to concurrent 108-month terms of imprisonment, within the 100- to 125-month advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Jenkins was denied effective assistance of counsel. Jenkins was advised of his right to file a pro se supplemental brief, but has not filed one. The Government declined to file a brief.

Because Jenkins did not move in the district court to withdraw his guilty plea, we review the guilty plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Jenkins] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Jenkins satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and

2

citation omitted). Our review of the record leads us to conclude that the district court complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Jenkins' guilty plea, which Jenkins entered knowingly and voluntarily.

Next, we review Jenkins' sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or failing to adequately explain the sentence. Id. If we find the sentence procedurally reasonable, we then consider its substantive reasonableness. Id. at 328. We presume on appeal that a sentence within the properly calculated Guidelines range is substantively reasonable. United States v. Dowell, 771 F.3d 162, 176 (4th Cir. 2014). Such a presumption is rebutted only when the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

Upon review, we discern no procedural or substantive sentencing error by the district court. The district court correctly calculated Jenkins' advisory Guidelines range, heard argument from counsel, provided Jenkins an opportunity to

3

allocute, and considered the § 3553(a) sentencing factors.  We have reviewed the record and conclude that Jenkins' within-Guidelines sentence is both procedurally and substantively reasonable.

Turning to Jenkins' ineffective assistance of counsel claims, unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not generally addressed on direct appeal, United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008), but rather should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record.  United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).  Because the record does not conclusively establish ineffective assistance of counsel, we conclude that these claims should be raised, if at all, in a § 2255 motion.

Accordingly, we affirm the judgment of the district court. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  This court requires that counsel inform Jenkins, in writing, of the right to petition the Supreme Court of the United States for further review.  If Jenkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

4

representation.  Counsel's motion must state that a copy thereof was served on Jenkins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED