**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4071**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

        v.

CHARLES BRIAN CURTIN, a/k/a White Boy Brian, a/k/a B,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Theodore D. Chuang, District Judge. (8:14-cr-00467-TDC-1)

———————

Submitted:  September 29, 2016        Decided:  October 3, 2016

———————

Before SHEDD, KEENAN, and HARRIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Charles N. Curlett, Jr., LEVIN & CURLETT LLC, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Baltimore, Maryland; Leah Bressack, Arun G. Rao, Assistant United States Attorneys, Joseph Ronald Baldwin, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Brian Curtin pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation 21 U.S.C. § 846 (2012), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Curtin to 200 months' imprisonment, a sentence below his 262- to 327-month advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Curtin was advised of his right to file a pro se supplemental brief but he did not file one. The Government declined to file a brief.

Because Curtin did not move in the district court to withdraw his guilty plea, we review the guilty plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Curtin] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Curtin satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation

2

of judicial proceedings." Id. (internal quotation marks omitted). Our review of the record leads us to conclude that the district court fully complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Curtin's guilty plea, which Curtin entered knowingly and voluntarily.

Next, we review Curtin's sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or failing to adequately explain the sentence. Id. If we find the sentence procedurally reasonable, we then consider its substantive reasonableness. Id. at 328. We presume on appeal that a sentence within or below the properly calculated Guidelines range is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). Such a presumption is rebutted only when the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

We discern no procedural or substantive sentencing error by the district court. The district court correctly calculated

3

Curtin's advisory Guidelines range, heard argument from counsel, provided Curtin an opportunity to allocute, and considered the § 3553(a) sentencing factors. We have reviewed the record and conclude that Curtin's below-Guidelines sentence is both procedurally and substantively reasonable.

Accordingly, we affirm the judgment of the district court. In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Curtin, in writing, of the right to petition the Supreme Court of the United States for further review. If Curtin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Curtin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>