**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4558**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JAVIER TOSCANO-SERRANO,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Terry L. Wooten, Chief District Judge.  (3:15-cr-00632-TLW-4)

Submitted:  April 25, 2017                 Decided:  April 27, 2017

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ray Coit Yarborough, Jr., LAW OFFICE OF RAY COIT YARBOROUGH, JR., Florence, South Carolina, for Appellant.  John David Rowell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Javier Toscano-Serrano pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Toscano-Serrano to 72 months' imprisonment, within the 70- to 87-month advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning the district court's compliance with Rule 11 of the Federal Rules of Criminal Procedure and the reasonableness of the sentence. Toscano-Serrano was advised of his right to file a pro se supplemental brief, but has not filed one. The Government declined to file a brief.

Because Toscano-Serrano did not move in the district court to withdraw his guilty plea, we review the guilty plea hearing for plain error. *United States v. Martinez*, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Toscano-Serrano] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." *United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007). Even if Toscano-Serrano satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*. (citation and internal quotation marks omitted). Our review of the record leads us to conclude that the district court substantially complied with Rule 11 in accepting Toscano-Serrano's guilty plea, which Toscano-Serrano entered knowingly and voluntarily.

2

Turning to Toscano-Serrano's sentence, we review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or failing to adequately explain the sentence. *Id.* If we find the sentence procedurally reasonable, we then consider its substantive reasonableness. *Id.* at 328. We presume on appeal that a sentence within the properly calculated Guidelines range is substantively reasonable. *United States v. Dowell*, 771 F.3d 162, 176 (4th Cir. 2014). Such a presumption is rebutted only when the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Montes-Pineda*, 445 F.3d 375, 379 (4th Cir. 2006).

Upon review, we discern no procedural or substantive sentencing error by the district court. The district court correctly calculated Toscano-Serrano's advisory Guidelines range, heard argument from counsel, provided Toscano-Serrano an opportunity to allocute, and considered the § 3553(a) sentencing factors. We have reviewed the record and conclude that Toscano-Serrano's within-Guidelines sentence is both procedurally and substantively reasonable.

Accordingly, we affirm the judgment of the district court. In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Toscano-Serrano, in writing, of the right to petition the Supreme Court of the United States for further review. If Toscano-

3

Serrano requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Toscano-Serrano. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*